Jonathan P. Ibsen, Esq. (AZ Bar No. 023284)
Craig P. Cherney, Esq. (AZ Bar No. 027485)
**CANTERBURY LAW GROUP, LLP**
14300 N. Northsight Boulevard, Suite 129
Scottsdale, Arizona 85260
Office: (480) 240-0040
Fax: (480) 656-5966
E-mail: JIbsen@clgaz.com

*Counsel for Susan Varah*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

**In re:**

| | |
|---|---|
| **JOSEPH JOHN NICKERSON,** | Chapter 11 Proceeding |
| Debtor. | No. 2:18-bk-00434-DPC |
| **SUSAN VARAH,** | **Adv. No. 2:18-ap-_____-DPC** |
| Plaintiff, | |
| v. | |
| **JOSEPH JOHN NICKERSON**, | **COMPLAINT** |
| Defendant, | |

**SUSAN VARAH** (Plaintiff/Creditor), as and for her Complaint against **JOSEPH JOHN NICKERSON** (Defendant/Debtor), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, and 11 U.S.C. § 523(a)(5), and seeks that the debt owed to her be classified as exempt from discharge

## JURISDICTION AND VENUE

2. The Debtor brings this Adversary Proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. This Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to the grant of jurisdiction to the United States District Court for the District of Arizona under the provisions of 11 U.S.C. § 523, and 28 U.S.C. § 1334(b) the automatic referral provisions of 28 U.S.C. § 157(a) and the District Court's standing order of reference.

4. This Adversary Proceeding is a core proceeding arising under 28 U.S.C. § 157.

5. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**PARTIES**

6. Defendant is the Debtor in the above-captioned Bankruptcy Case.

7. Plaintiff is the ex-spouse of the Debtor.

8. Plaintiff and Defendant are residents of Maricopa County, State of Arizona.

**FACTUAL ALLEGATIONS**

9. Debtor commenced this Bankruptcy Case by the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code (the "Petition Date").

10. Prior to the Petition Date, Plaintiff & Defendant entered into a Consent Decree of Dissolution (the "Decree"), dated May 12, 2006.

11. In connection with the Decree, Defendant entered into a Secured Promissory Note, dated February 1, 2009 (the "Note").

12. The Note required, *inter* alia, that Defendant pay the principal sum of $183,506.18, with interest at the rate of 10% per year.

13. The Note, at ¶1, provides:

> This Note is made by Maker in connection with the dissolution of the marriage of Maker and Payee and in satisfaction of certain obligations of Maker arising as a result thereof.

14. Defendant has defaulted on his obligations under the Note.

15. Defendant's obligations to Plaintiff under the Note constitute a claim.

CANTERBURY LAW GROUP, LLP
14300 North Northsight Boulevard, Suite 129
Scottsdale, Arizona 85260

## COUNT I - NONDISCHARGABILITY

### (11 U.S.C. 523(a)(5))

16. The Debtor incorporates by reference the allegations of Paragraphs 1 to 17 of this Complaint herein by reference, as if set forth fully herein.

17. The United States Code specifically makes an Exception to Discharge under 11 U.S.C. Sec. 523(a)(5); wherein "(a) A discharge under...this title does not discharge an individual debtor from any debt...(5) for a domestic support obligation."

18. "Domestic Support Obligations" are broadly construed by the United States Congress, the United States Trustee's Office, and the Bankruptcy Courts and are given priority status among all other claims.

19. The Note is a domestic support obligation as defined under the Bankruptcy Code.

20. Debtor failed to list or schedule the Domestic Support Obligations as required by 11 U.S.C. § 521 and Bankruptcy Rule 7001.

21. Plaintiff's claim against Debtor is a exempt from discharge pursuant to 11 U.S.C. § 523(a)(5).

**WHEREFORE**, the Plaintiff respectfully requests that this Court: (a) declare Debtor's obligations to Plaintiff are non-dischargeable pursuant to 11 U.S.C. § 523(a)(5); (b) award priority status to the Creditor's Claim pursuant to 11 U.S.C. § 507(a)(1)(A), or Deny the Debtor a discharge pursuant to 11 U.S.C. § 727(a)(2) and 727(a)(4)(B) and (h), and grant any further that this Court deems just and proper.

DATED this 5th day of September, 2018.

**CANTERBURY LAW GROUP, LLP**

By: /s/ Jonathan Ibsen
JONATHAN P. IBSEN
14300 N. Northsight Blvd., Suite 129
Scottsdale, AZ 85260
*Counsel for Plaintiff*